[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION FOR STAY OF DEPOSITION AND MOTION FOR SANCTIONS RE DISCOVERY NOS. 120, 121
 I PROCEDURAL HISTORY
The instant matter is a civil action commenced by complaint dated September 13, 2000. The plaintiff alleges that on May 19, 2000 while operating his motor vehicle he was struck by a bus being operated by defendant, Valdes, and owned by defendant, Dattco, Inc. He further contends that the collision occurred as a result of the negligent operation of the defendant's motor vehicle. The plaintiff seeks compensatory damages which include a claim for lost past wages and impaired earning capacity.
A review of the court's file reveals that by motion, dated September 17, 2001, the defendant moved the court for an order requiring the plaintiff to respond to numerous discovery requests. The motion states in relevant part. "[p]ursuant to this third production request, the plaintiff is required to produce copies of . . . wage and employment records of all employers of the plaintiff for a three year period prior to the subject accident and for all the years subsequent thereto." (See Defendants' Motion for Order of Compliance, para. 5.) This motion was not acted upon by the court as it was marked off the calendar by the parties on January 14, 2002.
The plaintiff, through motion dated March 25, 2002, seeks to stay the deposition of the plaintiff for the reason stated in his March 25, 2002 Motion for Sanctions. The defendant has filed with the court an objection dated March 27, 2002, to the aforementioned motion. Counsel for the parties appeared in court on April 29, 2002 and presented oral argument to the court.
 II DISCUSSION
The attorney for the plaintiff asserts in the March 25, 2002 motion for sanctions, that opposing counsel engaged in "[p]ractices seeking advantage through misrepresentation or trickery [which] dishonor and degrade the legal process and the legal profession, and [which] should be discouraged by the judiciary." (See Plaintiff's Motion for Sanctions Re CT Page 6146 Discovery, p. 2, para. 7.)
The alleged practices complained of concern two documents; (1) plaintiff's authorization for release of wage and employment records provided to the defendant in response to the September 17, 2001 motion for order of compliance; (2) a letter by defense counsel sent to the plaintiff's employers requesting employment records and enclosing the authorization for release. (March 27, 2002 Objection to Motion for Sanctions, Exhibits A, B).
In regard to these documents the plaintiff contends that:
 2) "In the late fall of 2001, plaintiff's counsel furnished to the defense an authorization permitting plaintiff's employers to disclose to the defense materials with regard to `wages, loss of wages, or time lost from employment.' . . . 3) Defense counsel did not request of the court an order directing that plaintiff furnished broader authorization, but instead wrote at least one of plaintiff's past employers requesting the plaintiff's full personnel file, attaching to its request the limited authorization that plaintiff had provided to the defense, and expressly or impliedly representing that the employer was authorized thereby to release the full personnel file to defense counsel. . . . 4) Upon information and belief, the defense counsel knew that the defense had not been authorized to request the full personnel file; that it's request letter would be misleading; and, that a representation (expressed or implied) that the employer was authorized to release the full personnel file was false. 5) By sending its request, the defense counsel was seeking to obtain information under false pretenses; and, it was inviting and encouraging the employer's clerk to violate Section 31-128f of the Connecticut General Statutes, which charges employers not to release the records requested by defense without an appropriate authorization. 6) At least one of plaintiff's past employers complied with the request of the defense and furnished the defense with what appears to be its full personnel file. (Footnote omitted; emphasis in original.) (March 25, 2002, Motion for Sanctions.)
The plaintiff seeks a variety of court ordered sanctions which include defense counsels' removal from the case and "that the defense file be CT Page 6147 purged of all materials furnished to the defense by the employers in response to the defense requests." (Motion for Sanctions, p. 2, paras.1-5.)
Defense counsel, in his March 27, 2002 objection, has represented to the court that; "[o]pposing counsel has been copied on all records obtained . . . utilizing said authorization." (Objection to Motion for Sanctions, para. 11.) Additionally, he contends that he "vehemently disagrees with opposing counsel that the letter forwarded to the plaintiff's employer . . . exceeds the scope of the authorization provided." (Id. para. 12.)
The court's analysis of the disputed issue must begin with an examination of the scope of permissible discovery as it applies to employment records in the present matter. Connecticut Practice Book Sec. 13-9 provides in relevant part; "[i]n all personal injury actions alleging liability based on the operation . . . of a motor vehicle . . . the requests for production shall be limited to those set forth in Forms 204, 205 and/or 206 of the rules of practice, unless, upon motion, the judicial authority determines that such requests for production are inappropriate or inadequate in the particular action." Connecticut Practice Book Appendix of Forms entitled "Defendant's Requests for Production" No. 205, includes as a portion of the permissible discovery "[c]opies of, or sufficient written authorization to inspect and make copies of, the wage and employment records of all employers of the Plaintiff(s) for three (3) years prior to the date of the incident and for all years subsequent to the date of the incident to and including the date hereof." (Appendix of Form 205, para. 3.)[1] This rule does not limit discovery to "wages, loss of wage, or time lost from employment" and it has not been demonstrated to this court that the attorneys had mutually agreed to impose this limitation.
Accordingly the motion to stay the deposition is denied. Concerning the motions for sanctions, it has not been made clear to the court whether defense counsel obtained employment records which exceed the scope of Connecticut Practice Book Form 205. However, defense counsel has represented to the court that he has provided opposing counsel with copies of all records obtained. If employment records were obtained which exceed the scope of permissible discovery, defense counsel is ordered to return the original records to the plaintiff and destroy all copies within five business days of this ruling. Further, the defense is not permitted to utilize information gained from these documents as evidence at the time of trial absent further order of the court. CT Page 6148
BY THE COURT
Peter Emmett Wiese, Judge